UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ARTUR AYRAPETYAN, | ) No. 5:26-cv-02317-JDE |
| Petitioner, | ) ORDER REGARDING PETITION |
| v. | ) |
| WARDEN FACILITY ADMINISTRATOR, Adelanto ICE Processing Center, et al., | ) |
| Respondents. | ) |

**I.**

**INTRODUCTION**

On May 4, 2026, Artur Ayrapetyan ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner contends (1) his detention is governed by 8 U.S.C. § 1226(a); (2) his custody determination was based on a materially erroneous factual record; (3) his arrest at the U.S. Citizenship and Immigration Services ("USCIS") office violated due process; (4) his continued detention violates the Due Process Clause; (5) his foreign conviction does not justify detention; and (6) the government's

conduct precludes any claim of flight risk or danger. As for relief, Petitioner requests his immediate release and an order enjoining his re-detention absent certain procedures, or alternatively, a bond hearing before an immigration judge within seven days at which the government bears the burden of proof by clear and convincing evidence; a declaration that his continued detention violates the Due Process Clause; a declaration that the government's custody determination is unlawful; and an award of attorney fees and costs. Id. at 19-20. On May 11, 2026, Respondents filed an Answer to the Petition. Dkt. 8 ("Ans."). Petitioner filed his Reply on May 12, 2026. Dkt. 9 ("Reply").

For the reasons discussed below, the Petition is denied.

## II.

## BACKGROUND

Petitioner is a native of the Soviet Union and citizen of Russia. Pet. ¶ 9. On December 2, 2015, Petitioner was admitted to the United States as a B-2 nonimmigrant visitor for pleasure. His I-94 record authorized him to remain until June 1, 2026. Id. ¶ 14. On January 28, 2016, Petitioner filed an application for asylum and withholding of removal. Petitioner's application for asylum remains pending. Id. ¶¶ 15, 18. Petitioner has been granted employment authorization, most recently on January 13, 2026. Id. ¶¶ 20-21.

On January 27, 2026, USCIS referred Petitioner to ICE Enforcement and Removal Operations for violating his nonimmigrant status for remaining in the United States after his visa expired. Pet. ¶ 27. On March 5, 2026, when he reported for his USCIS appointment, Petitioner was arrested and issued a Notice to Appear, charging him with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, nonimmigrant overstay. Id. ¶ 29; Dkt. 1-6.

On March 16, 2026, Petitioner filed a motion for bond re-determination. Pet. ¶ 32. A bond hearing was held on March 23, 2026, but Petitioner

withdrew his request without prejudice. Id. ¶ 33. Petitioner does not claim he has renewed his request for a bond hearing. He remains in custody. Id. ¶ 34.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The parties do not appear to dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). See Pet. ¶ 39; Ans. at 1-3. When the United States commences removal proceedings against a noncitizen, the noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). After an initial custody determination, the noncitizen may request a bond redetermination by an immigration judge before a final order of removal. 8 C.F.R. § 236.1(d)(1). If the immigration judge denies bond, the noncitizen may appeal to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

Respondents assert that the Petition should be denied because Petitioner has not exhausted his administrative remedies. Ans. at 2. Respondents argue that Petitioner has "intentionally evaded the bond hearing process" by seeking his immediate release in this Court. Id. at 1. Respondents note that Petitioner is entitled to request a custody redetermination hearing and he voluntarily withdrew that request, but he can still seek his release from immigration detention by going through the bond hearing process. Id. at 2.

Petitioner counters that administrative remedies are inadequate because the government's foundational custody document, the Form I-213, contains "four material factual errors that would infect any bond hearing conducted on the existing record." Reply at 3. According to Petitioner, administrative remedies would be futile for the same reason: "the government has given no indication it intends to correct the I-213, and a bond hearing conducted on this record would reproduce the same erroneous deprivation this Petition challenges." Id. Petitioner disputes Respondents' characterization that he deliberately bypassed the administrative scheme and intentionally evaded the bond hearing process, arguing that his prior counsel withdrew from the case eight days after the bond hearing, and consequently, Petitioner was left without any legal representation from March 31 through April 30, 2026, when current counsel entered an appearance. Id. at 4.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

4

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Prudential exhaustion applies here. Petitioner asserts multiple arguments as to why he should be released, but there has been no opportunity for the application of agency expertise in relation to a bond request. While Petitioner complains that any bond hearing would be "infect[ed]" by the material factual errors in the Form I-213, this contention is based on mere speculation. In fact, the only reason why a bond hearing did not take place was that Petitioner withdrew his request. Further, Petitioner, who is currently represented by counsel, presents no evidence that these factual issues cannot be addressed and corrected in the context of a bond hearing. Indeed, one of the errors Petitioner identifies is a notation that he is "wanted in Russia," but as Petitioner acknowledges, the actual European Arrest Warrant listing France as the issuing authority was included in the evidence submitted by the government at the original bond hearing (Pet. at 10-11), undermining Petitioner's assertion that the "factual errors" in the Form I-213 "would infect any bond hearing." Reply at 3. Petitioner raises multiple factual issues that can and should be developed and weighed by an immigration judge in the first instance. This is particularly appropriate given the allegations concerning Petitioner's foreign criminal conviction involving "grievous bodily harm" under French law (see Dkt. 1-7), which may bear on whether Petitioner poses a danger to the community, despite Petitioner's claims to the contrary. Further, waiving

exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates bond determinations by immigration judges, not the district court, in the first instance. Here, the only reason why an immigration judge has not made a merits determination for purposes of deciding whether to grant bond is that Petitioner withdrew his request for such a hearing. In addition, the outcome of such bond hearing by an immigration judge may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review. Petitioner has failed to demonstrate waiver of the exhaustion requirement is warranted here. See Kim v. Mullin, 2026 WL 948347, at *4 (W.D. Wash. Apr. 8, 2026) (dismissing petition where petitioner never requested a bond redetermination hearing); Chavez v. Immigr. & Customs Enf't Field Off. Dir., 2024 WL 1661159, at 3 (W.D. Wash. Jan. 25, 2024) (denying request for court-ordered bond hearing based on failure to exhaust where petitioner withdrew and never renewed a request for a bond redetermination hearing), adopted by 2024 WL 1658973 (W.D. Wash. Apr. 17, 2024).

Petitioner's failure to exhaust warrants dismissal of most of Petitioner's claims without prejudice, with the exception of Petitioner's claim that his arrest at the USCIS office violated due process. Petitioner argues that his arrest at a scheduled USCIS appointment "shocks the conscience" as it reflected premeditation and deliberate planning and exploited his compliance with the legal system. Pet. at 11-13.

"[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998). ICE's conduct here does not meet that demanding standard. None of the cases cited by Petitioner found "conscience shocking" government conduct in circumstances similar to those alleged here.

See Pet. at 12; Reply at 5. The undersigned does not find that the behavior of the government here "shocks the conscience." The government took into custody an individual who violated his nonimmigrant status for remaining in the United States after his visa expired. As explained above, Petitioner has the opportunity to seek release on bond, but has not availed himself of that opportunity.

Petitioner is not entitled to habeas relief.

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is DENIED. Petitioner's substantive due process claim is denied with prejudice and the remaining claims are dismissed without prejudice.

Dated: May 14, 2026_____

_____
JOHN D. EARLY
United States Magistrate Judge